**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: | : | Chapter 7 |
| | : | |
| SAMUEL B. MILLINGHAUSEN | : | No. 24-12183-pmm |
| Debtor | : | |

| | | |
|---|---|---|
| Legal Access Plans, LLC, Karen M. Drake, | : | |
| Robert L. Hyslop, Jr., Theresa M. Hyslop, | : | |
| Joy A. Capka, Maryann DiRenzo, | : | |
| Legal Access Management Group LLC, | : | |
| The LegalEase Group, Legal Access Plans, | : | |
| Inc., Legal Access Consulting, LLC d/b/a | : | |
| Legal Plans USA, Robert L. Heston, Jr., | : | |
| Peter Pride, Karen Henkel, and John Doe | : | |
| Four | : | |
| Plaintiffs/Creditor | : | Adv. No. 24-00140-pmm |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| SAMUEL B. MILLINGHAUSEN, III | : | |
| Defendant | : | |

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

TO THE HONORABLE PATRICIA M. MAYER, U.S. BANKRUPTCY JUDGE

Debtor, Samuel B. Millinghausen, III, by and through his attorneys, Wetzel Gagliardi Fetter and Lavin, LLC, hereby files this Motion to Dismiss Plaintiffs' Complaint to Deny Dischargeability of Indebtedness and in support thereof avers as follows:

BACKGROUND

1.      On June 25, 2024, the Debtor/Defendant, Samuel B. Millinghausen ("Debtor" or "Defendant"), filed a Petition for Relief under Title 7 of the United States Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Case No. 24-12183-PMM.

2.     The deadline to file any objection to discharge or to challenge whether certain debts are dischargeable was September 23, 2024.  See Notice of Chapter 7 Bankruptcy Case, Official Form 3090 A for Individuals or Joint Debtors, attached hereto as Exhibit "A".

3.     At line 4.4 of Schedule "E/F" of the Debtor's Petition, Debtor identified Legal Access Plans, LLC, Legal Access Management Group LLC, The LegalEase Group, Legal Access Plans, Inc., Legal Access Consulting, LLC d/b/a Legal Plans USA, Karen M. Drake, Robert L. Hyslop, Jr., Theresa M. Hyslop, Joy A. Capka, Maryann DiRenzo, Peter Pride, Karen Henkel, and Robert L. Heston, Jr.  (collectively "Plaintiffs") as general unsecured creditors.  A true and correct copy of Schedule "E/F", attached hereto and incorporated herein as Exhibit "B".

4.     By virtue of being identified as a Creditor on Debtor's Schedules, on or about June 28, 2024, Plaintiffs received notice of both the July 24, 2024 Meeting of Creditors and the September 23, 2024 deadline to oppose discharge.  See Docket #6.

5.     On or about July 24, 2024, the initial Meeting of Creditors was held but not concluded as to allow Debtor time to provide documents to the Chapter 7 Trustee, Lynn E. Feldman, ("Trustee") in this matter.  See Docket #12.

6.     Plaintiffs, through their counsel, attended the initial Meeting of Creditors and questioned the Debtor at that time.

7.     On August 22, 2024, this Honorable Court entered an Order extending the deadline to file an objection to discharge or to challenge whether certain debts are dischargeable to November 23, 2024 for only the Trustee or U.S. Trustee to file a Motion under Section 707 and/or Complaint under Section 727 and 523 ("Order").  See Order at Docket #19, attached hereto as Exhibit "C"; see also Certificate of Notice indicating that the Plaintiffs, through their counsel,

received notice of the Order from this Court by First-Class U.S. Mail on or about August 24, 2024

attached hereto as Exhibit "D".

8.      The Order states, in relevant part, as follows:

> IT IS HEREBY AGREED that the time for the U.S. Trustee or Chapter 7
> Trustee to (1) file a Motion to dismiss under section 707(b) and/or (2) file a
> Complaint to Deny Discharge under section 727 and/or 523, is hereby
> extended to November 23, 2024.

9.      It is clear that the Order extends the deadline only for the Trustee and U.S. Trustee

in this matter and not for any of the Debtor's creditors, i.e. Plaintiffs.

10.     On November 22, 2024, Plaintiffs filed this Adversary Complaint with the Court

seeking to declare Defendant's debt to Plaintiffs to be nondischargeable pursuant 11 U.S.C. §

523(a)(6) and enter judgement against Defendant for attorney's fees, court costs, and expenses.

See Paragraphs 61 and 82 of the Complaint at Adversary Docket #1.

11.     On December 5, 2024, this Court entered its Order of Discharge.  See Docket # 27.

GROUNDS FOR DISMISSAL OF COMPLAINT

12.     Pursuant 11 U.S.C. § 523(c)(1), a creditor must file a complaint to determine the

dischargeability of a debt on the basis of Section(s) 523(a)(2), (a)(4), (a)(6), and/or (a)(15) of the

Bankruptcy Code.

13.     Such complaint must be filed within sixty (60) days of the first date set for the

Meeting of Creditors, in accordance with Federal Rule of Bankruptcy Procedure 4007(c), and,

"[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time

fixed under this subdivision.  The motion shall be filed before the time has expired."

14.     Rule 4007(c) permits extension of the deadline by motion, but the motion must be

"…filed before the time has expired."  Id.

15.     The plain language of Rule 4007(c) "unambiguously requires . . . a motion for an extension of time . . . be filed on or before expiration of the date established for the filing of" a nondischargeability complaint under Section 523(c).  In re Weinberg, 197 F.App'x 182, 186 (3rd Cir. 2006) (nonprecedential) (citing In re Heyden, 570 B.R. 489, 492-93 (Bankr. W.D. Pa. 2017).

16.     A primary purpose of Rule 4007(c) "is to enhance the efficient administration of the estate by requiring creditors to act quickly to contest a debt or to surrender this right forever." In re Pendergrass, 376 B.R. 473, 477 (E.D.Pa. 2007) (quoting In re Weinberg, 337 B.R. 65 (E.D.Pa. 2005)).

17.     Pursuant to Rule 4007(c), since the first meeting of creditors took place on July 24, 2024, the filing deadline to object to discharge or to challenge whether certain debts are dischargeable was September 23, 2024.  See Docket #6.

18.     The Federal Rules of Bankruptcy Procedure express a clear intent to compel rigorous enforcement of Rule 4007(c)'s deadline even where good cause for equitable tolling might otherwise exist.  In re Zakarin, 602 B.R. 275, 283 (Bankr.D.N.J. 2019).

19.     F.R.B.P. 9006(b)(1) states, "[e]xcept as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by order of court, the court for cause shown, may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period . . . as extended by a previous order or (2) on motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect."

20.     F.R.B.P. 9006(b)(3) states, "[t]he court may enlarge the time for taking action under Rules . . . 4004(a) [and] 4007(c) . . . only to the extent and under the conditions stated in those rules."

21.     However, once the deadline to file a complaint has passed, as it has in this matter, and Plaintiffs make no motion to extend the deadline prior to the deadline, no remedy is available even through Rule 9006, based on the deference that Rule 9006 pays to Rule 4007(c).  See e.g., Chicago Title Ins. Co. v. Mazik *(In re Mazik),* 592 B.R. 604, 610 (Bankr. E.D.Pa. 2018).

22.     Furthermore, F.R.B.P. 4004(a) prescribes that complaints objecting to discharge in a Chapter 7 case shall be filed no later than sixty (60) days after the first date set for the meeting of creditors under 341(a), and Rule 4004(b)(1) provides, "[o]n motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge.  Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired."

23.     F.R.B.P. 4004(b)(2) permits the filing of a motion to extend time after the time for objection has expired and before discharge is granted, "if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection.  The motion shall be filed promptly after the movant discovers the facts on which the objection is based."

24.     It is believed and therefore averred that the Plaintiff has not learned any new facts regarding this matter since the discharge order was issued and there is nothing alleged in their Complaint that was not already known pre-petition.

25.     "A creditor who simply does not act quickly enough to learn the facts is not entitled to a belated extension of the deadline, because such an exception would quickly consume the rule. The purpose of the rule, after all, is to compel creditors to move swiftly." In re Martinsen, 449 B.R. 917, 920 (Bankr.W.D.Wis., 2011) (*emphasis in the original*).

26.     "Deadlines may lead to unwelcome results, but they prompt parties to act, and they produce finality."  Taylor v. Freeland & Konz, 503 U.S. 638, 644, (1992) (discussing a similar deadline to file an objection to a claim of exemption under Rule 4003); see also, 9 Collier on Bankruptcy P 4004.02 (16th ed. 2022) ("In *Taylor v. Freeland & Kranz,* the Supreme Court made clear that deadlines in the Federal Rules of Bankruptcy Procedure mean what they say and that violations of such deadlines cannot be ignored or excused.")

27.     Generally,

> "'the [Bankruptcy] Rules' deadlines are to be interpreted strictly and in a manner consistent with the [Bankruptcy] Code's policies in favor of providing a fresh start for the debtor and prompt administration of the case.'" In re Chatkhan, 455 B.R. 365, 367 (Bankr. E.D.N.Y. 2011) (citing Dombroff v. Greene *(In re Dombroff)*, 192 B.R. 615, 621 (Bankr.S.D.N.Y.1996) (citing Taylor v. Freeland & Kronz, 938 F.2d 420 (3d Cir.1991), *aff'd*, 503 U.S. 638, (1992)); See also In re Grillo, 212 B.R. 744, 746 (Bankr. E.D.N.Y.1997) (articulating that the purpose of Rule 4004 is to "bring about an expeditious discharge in Chapter 7 cases and a prompt fresh start for the debtor").  The Advisory Committee's Notes state that "[a]n extension granted on a motion pursuant to subdivision (b) of the rule would ordinarily benefit only the movant, but its scope and effect would depend on the terms of the extension."  Fed. R. Bankr. P. 4004 advisory committee's notes to 1983 amendment.  Here, each of the extension motions and resulting orders were extensions as to the Trustee and the U.S. Trustee only, respectively.  The terms of all orders, including the so ordered stipulations between Debtor and the Trustee, specially referenced the Trustee and/or U.S. Trustee and no other party-in-interest. At no time did SummitBridge file its own extension motion or seek to join or intervene in any extension motions filed by the UST or the Trustee. Therefore, SummitBridge's deadline to commence a Section 727 action expired on September 18, 2017.  Both the language and intent of Bankruptcy Rule 4004 require that creditors act diligently and establish cause to obtain an extension of the Section 727 deadline, especially since any extension interferes with the honest but unfortunate debtor receiving a prompt fresh start. SummitBridge provides no authority for why it need not have established cause under Rule 4004(b)(1) for it to obtain an extension or why creditors should be allowed to ride the coattails of parties-in-interest who did act with diligence. Accordingly, SummitBridge cannot obtain any relief on its Complaint because it is untimely."

SummitBridge Nat'l Invs. LLC v. Balzano, 2021 Bankr. LEXIS 665, *10-11.

28.     As the <u>Balzano</u> Court makes clear, creditors such as Plaintiff who have received

notice of the deadline upon the bankruptcy filing and notice of the order extending the deadline

for the Trustee and U.S. Trustee one month before the expiration of the deadline must obtain their

own deadline extension in the normal course and cannot rely on the Trustee's extension.

29.     This Adversary Complaint was not filed on or before September 23, 2024, and was

untimely when it was filed on November 22, 2024, almost two months beyond the deadline.

30.     Despite being aware of the Order extending the deadline to object to the discharge

being extended only for the Trustee and U.S. Trustee, Plaintiffs failed to file a motion with this

Court to enlarge the time in which they might file an adversary complaint pursuant to Bankruptcy

Rule 9006(b) or any other Rule governing enlargement of time under the Bankruptcy Rules and/or

explaining their neglect as excusable.

31.     Therefore, after September 23, 2024, Plaintiffs no longer had the right to assert their

dischargeability claim.

32.     Plaintiffs have not alleged any excuse for their failure to timely file the Complaint.

33.     Plaintiffs incorrectly aver that the "time to object to discharge was extended to

November 23, 2024." <u>See</u> Paragraph 3 of the Complaint at Adversary Docket #1.

34.      Plaintiffs have provided no proof of the above-referenced deadline extension for

any creditors or parties in interest other than the Trustee and U.S. Trustee.

35.     The untimeliness of Plaintiff's Adversary Complaint is not curable.

36.     Moreover, the Courts have consistently held that creditors cannot rely on an

extension granted to a U.S. Trustee. <u>In re Farmer</u>, 786 F.2d 618, 621(4th Cir. 1986) (reinforcing

that a Trustee's extension does not apply to a Creditor unless such extension is explicitly requested

or stated); <u>In re Wilson</u>, 1994 Bankr. LEXIS 882, *2 (Bankr. E.D. Pa. 1994) (*citing* <u>In re Farmer</u>,

786 F.2d 618 (4th Cir. 1986); See also In re Alton, 837 F.2d 457 (11th Cir. 1988); In re Grillo, 212

B.R. 744 (Bankr. E.D.N.Y. 1997); In re Magnuson, 113 B.R. 555 (Bankr. D. N.D. 1989).

37.    "[T]he definition of party in interest generally cannot be expanded to include

a **chapter 7** trustee in the context of a nondischargeability action under section 523 and the

related **extension of time** to file such an action under rule 4007(c)."   In re Rosen, 2015 Bankr.

LEXIS 4508, *11 (*citing* In re Owen-Moore, 435 B.R. 685, 691 (Bankr.S.D. Cal. 2010).

38.    "Section 704 of the code enumerates the many duties of a Chapter 7 trustee but it

does not allow the trustee to bring a nondischargeability complaint on behalf of an individual

creditor. Such an action would benefit only the creditor holding the specific claim." Id.

39.    "Likewise, to allow the chapter 7 trustee to have party in interest standing to request

an extension of time *for creditors* to file a nondischargeability complaint benefits only specific

creditors and not the estate, for which the trustee is the representative." Id.

40.    Therefore, the Debtor moves to dismiss this adversary complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6) (made applicable here per F.R.B.P. 7012) for failure to

state a claim upon which relief could be granted because the instant Complaint was not filed on or

before the mandated deadline.

41.    After the deadline has passed, a creditor cannot successfully object to discharge

under Section 523(c).  See e.g., Anwar v. Johnson, 720 F.3d 1183 (9th Cir. 2013) (dismissing the

nondischargeability complaint because the creditor missed the deadline by less than one hour due

to computer problems); see also, Williams v. Sanderson, 723 F.3d 1094, 1103 (9th Cir. 2013)

(holding that the filing date could not be retroactively used to extend the filing deadline unless the

bankruptcy court itself had misled the creditor about the deadline).

42.     The Complaint was therefore not timely or properly filed on November 22, 2024 and this Adversary proceeding should be dismissed with prejudice.

WHEREFORE, Debtor respectfully requests that this Court grant his Motion, dismiss Plaintiffs' Complaint, with prejudice, and such other relief as this Court deems just and proper.

Respectfully submitted,

WETZEL GAGLIARDI FETTER & LAVIN LLC

Date: <u>December 12, 2024</u>               BY:     */s/ John A. Gagliardi*
                                                                John A. Gagliardi, Esquire
                                                                Ferrell J. Townsend, Esquire
                                                                122 South Church Street
                                                                West Chester, PA 19382
                                                                Phone:  (484) 887-0779
                                                                Fax:  (484) 887-8763
                                                                jgagliardi@wgflaw.com
                                                                ftownsend@wgflaw.com